BERGER et al. v. WILD.

(Circuit Court of Appeals, Third Circuit. June 27, 1904.)

No. 58.

1. MALICIOUS PROSECUTION—EVIDENCE—MALICE—PROBABLE CAUSE.

Defendant's superintendent, on being led to apprehend that plaintiff had tampered with certain accounts in her charge, sought the assistance of another of defendant's superintendents; and they, on examining the books, found what they supposed to be a considerable deficit. Defendant company was then notified, and sent a supervising inspector, who, after making an examination, confirmed the result previously arrived at, when, by defendant's direction, the superintendents submitted the books and papers

to its counsel, and he, after examining them, advised plaintiff's prosecution. *Held*, that plaintiff's acquittal and proof of such facts were insufficient to establish a cause of action for malicious prosecution; such evidence being insufficient to establish either malice or want of probable cause.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

W. K. Jennings, for plaintiffs in error.

S. S. Robertson, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and KIRKPATRICK, District Judge.

DALLAS, Circuit Judge. This writ of error has brought up the record in an action for malicious prosecution. The plaintiffs in error, who were defendants below, requested the learned trial judge to give binding instructions in their favor, and the refusal of that request is here assigned for error.

A jury should never be allowed to render a verdict unsupported by evidence, and the question which we deem to be controlling in this case is whether there was any evidence from which lack of probable cause for the prosecution complained of, and the existence of malice in its institution, could be rationally deduced. The record discloses no such evidence, and, indeed, the pertinent facts are not disputed. Mr. Berger was a local superintendent of the Metropolitan Insurance Company. The plaintiff below was also employed by that company, in a clerical capacity. Mr. Berger's attention was called to a transaction which led him to apprehend that she had tampered with accounts in her charge. He sought the assistance of another superintendent of the company, Mr. Thornton, and they, upon examining the books, found, as they supposed, a considerable deficit. Mr. Berger notified the company, and it sent a supervising inspector, Mr. Gaslein, who also made an examination, and confirmed the result which had been arrived at by Mr. Berger and Mr. Thornton. Thereupon, by direction of the insurance company, Mr. Berger and Mr. Gaslein submitted the books and papers to its counsel, and he, after examining them, advised the prosecution. Surely such conduct could not warrant an inference either of malice or of want of probable cause; and, on the other hand, the fact that the defendant sought, obtained, and acted upon the advice of counsel, who for a long time had been employed by the company, raised a strong presumption—practically a conclusive one—that there was probable cause, and that the prosecution was initiated in good faith and without malice.

The defendant in error was mistakenly charged with a serious offense, and, no doubt, she greatly suffered in consequence; but she utterly failed to make out a case of malicious prosecution, and therefore the jury should have been told that its verdict must be for the defendants.

The judgment of the Circuit Court is reversed, with costs.

NOTE BY THE COURT. This judgment had been determined upon prior to the death of the late Judge KIRKPATRICK, and was concurred in by him.